<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SV HOTELS, LLC, et al., <br><br> *Defendants.* | Civil Action No. 14-01201 <br><br> OPINION <br><br> July 10, 2015 |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Howard Johnson International, Inc.'s ("HJI") motion for final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

I. BACKGROUND

HJI is a guest lodging franchise systems in the United States. HJI owns and has the exclusive right to license the service mark Howard Johnson Inn and various related trade names, trademarks, as well as service marks, logos, and derivations thereof (the "Howard Johnson Marks").

On June 12, 2007, HJI entered into a franchise agreement (the "Franchise Agreement") with Defendant SV Hotels, Inc. ("SVH"). Franchise Agreement, Dkt. No. 1, Ex. A. Through this Franchise Agreement, SVH agreed to operate a Howard Johnson facility for fifteen years, was permitted to use the Howard Johnson Marks, and was obligated to make certain payments to HJI. See id. Defendants Bhagyesh P. Vora, Viral P. Vora, Druhmit Shah, and Karan Shah executed

personal guaranties (the "Guaranty") for SVH's obligations under the Franchise Agreement. Guaranty, Dkt. No. 1, Ex. C. SVH breached the Franchise Agreement and failed to cure. HJI then terminated the Franchise Agreement on April 28, 2011. Dkt. No. 15-3, Ex. E.

HJI filed a Complaint on February 25, 2014, seeking monetary damages. Defendants SVH, Bhagyesh P. Vora, Viral P. Vora, Druhmit Shah, and Karan Shah have been served with a summons and copy of the Complaint. See Couch Cert ¶¶ 4-10, Dkt. No. 15-2. The time for Defendants to answer or otherwise move as to the Complaint has expired. The Clerk entered default against the Defendants on December 22, 2014. On February 24, 2015, HJI filed the instant motion for final judgment by default against the Defendants. Dkt. No. 15. To date, the Defendants have not filed any opposition to the motion.

## II. STANDARD OF REVIEW

A District Court has the discretion to enter default judgment, although a decision on the merits is preferred whenever practicable. Hritz v. Woma Corp., 732 F.2d. 1178, 1180 (3d Cir. 1984). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the

prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. <u>Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds</u>, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. First, the Court has subject matter jurisdiction under 28 U.S.C. § 1332. All of the defendants are citizens of Virginia, and Plaintiff HWI is a Delaware corporation with its principal place of business in New Jersey. Dkt. No. 1, Compl. The amount in controversy exceeds the required $75,000. <u>Id.</u> The Court has personal jurisdiction over the Defendants pursuant to their consent to jurisdiction as set forth in the Franchise Agreement and the Guaranty signed by the individual Defendants. Franchise Agreement § 17.6, Dkt. No. 1, Ex. A; Guaranty, Dkt. No. 1, Ex. C.

The Court finds that Defendants have been properly served. HJI has provided the Court with proof of personal service as to Defendants SVH, Bhagyesh P. Vora, Viral P. Vora, and Druhmit Shah. <u>See</u> Dkt. Nos. 4-5. Plaintiff was unable to personally serve Defendant Karan Shah, and submitted an Affidavit of Diligent Efforts reflecting their attempts to do so. <u>See</u> Dkt. No. 15-2, Ex. A. Service was made on Defendant Karan Shah by sending copies of the Summons and Complaint via certified and regular mail pursuant to New Jersey Court Rules for substituted service. N.J. Ct. R. R. 4:4-4; <u>see</u> Couch Cert. ¶¶ 4-10, Dkt. No. 15-2.

#### B. Liability

The Court concludes HJI has pled a breach of contract claim against the Defendants. Plaintiff has pled the existence of a contractual relationship, that Defendants breached the

Franchise Agreement by failing to remit the required payments, and resulting damages. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012); Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *1 (D.N.J. Sept. 4, 2014).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that HJI will suffer prejudice absent entry of default judgment as HJI will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

HJI first seeks $104,314.02 in "Recurring Fees" as defined in the Franchise Agreement. Plaintiff has provided sufficient evidence of these damages. See Ex. F to Fenimore Aff., Dkt. No. 15-3; Franchise Agreement § 7.1, Dkt. No. 1, Ex. A.

HJI also seeks $177,105.77 in liquidated damages. Again, Plaintiff has provided sufficient proof of these damages. See Franchise Agreement § 12.1, Dkt. No. 1, Ex. A; Fenimore Aff. ¶¶ 22-29, Dkt. No. 15-3.

HJI final claim is for $9,765.30 in attorneys' fees and costs, which the Franchise Agreement expressly authorizes. Franchise Agreement § 17.4, Dkt. No. 1, Ex. A. HJI has provided the Court with sufficient proof of these damages. See Couch Cert. ¶¶ 14-16, Dkt. No. 15-2, Ex. D.

Based upon the foregoing, judgment shall be entered against Defendants SVH, Bhagyesh P. Vora, Viral P. Vora, Druhmit Shah, and Karan Shah, jointly and severally, for: (1) $104,314.02 in Recurring Fees; (2) $177,105.77 in liquidated damages; and (3) $9,765.30 in attorneys' fees and costs.

IV. CONCLUSION

For the reasons set forth above, HJI's motion for final judgment by default is **GRANTED**. An appropriate Form of Order accompanies this Opinion.

/s *Madeline Cox Arleo*
HON. MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE